## West Chicago Street Railroad Co. v. James H. Whittaker, Adm'r.

1. NEGLIGENCE—*Proof of Exact Age of Deceased Not Necessary in Suit by Administrator Based On.*—In a suit by an administrator to recover damages for injuries to his intestate resulting in death, the declaration alleged that the deceased was eight years old at the time of his death. No proof of the age of the deceased was made on the trial, but some of the witnesses alluded to him as a " little boy " and others as a " child." *Held,* that exact proof of the age of deceased was not essential to a recovery.

2. NEGLIGENCE—*A Question for the Jury.*—This court holds from a consideration of all the evidence, which was conflicting, that the question whether the defendant was negligent, as averred in the declaration, was peculiarly a question for the jury, that the trial court properly overruled the motion for a new trial, and that the verdict must stand.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed October 11, 1897.

Alexander Sullivan, attorney for appellant; Edward J. McArdle, of counsel.

Case & Hogan, attorneys for appellee.

Per Curiam.

Appellee is administrator of the estate of his deceased son, Roger C. Whittaker, who was killed by a horse car of appellant July 31, 1893. The declaration charges, among other things, negligence on the part of the appellant in not keeping a proper lookout, and in not stopping the car before collision with the deceased. The deceased is alleged in the declaration to have been eight years old at the time of his death, but no proof of his age was made on the trial. Some of the witnesses, however, alluded to him as a "little boy," others as a "child;" one of the appellant's witnesses called him a "boy" another a "child." Appellant's counsel insists that the omission to prove how many years old the deceased was is fatal, both as affecting the question of care on the part of his parents, and as affecting the question of damages. During the trial of the case no specific objection was made in regard to this omission, nor is there anything in the motion for a new trial calling attention to it, but appellant's counsel contends that it was sufficiently presented to the trial court by a motion which he made at the close of the evidence to exclude appellee's evidence from the jury. This proposition would be correct if exact proof of the age of plaintiff's intestate were essential to a recovery, so that without such proof there could be no recovery. But such is not the law.

The evidence clearly tended to prove appellee's case as averred in the declaration, and the exclusion of the evidence by the trial court would have been error.

Appellant, in his argument, does not complain of any error in giving or refusing instructions, but relies solely on the proposition that appellee's evidence did not establish his case as averred in the declaration. Upon consideration of all the evidence, which is conflicting, we are of opinion

that the question whether appellant was negligent, as averred in the declaration, was peculiarly a question for the jury, and that the trial court properly overruled the motion for a new trial.

The judgment is affirmed.